# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00347-SCT

*JAMES A. HAMILTON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/04/97 |
| TRIAL JUDGE: | HON. GEORGE B. READY |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: GLENN WATTS |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/18/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/9/98 |

**BEFORE SULLIVAN, P.J., ROBERTS AND WALLER, JJ.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. James Hamilton was convicted of possession for more than 1) kilogram of marijuana with the intent to distribute and sentenced to twenty five (25) years in the custody of the Mississippi Department of Corrections and fined $10,000. This Court affirmed his conviction on January 17, 1990. On December 14, 1995, Hamilton filed a motion for summary judgment with the trial court requesting that a subsequent federal sentence run concurrent with the twenty five (25) year state sentence. He also challenged the legality of his twenty five (25) year state sentence. The trial court denied his request under the provisions of the Uniform Post Collateral Conviction Relief Act (hereinafter UPCCRA).

¶2. We agree and affirm the trial court.

¶3. Hamilton failed to comply with Miss. Code Ann. § 99-39-7 which requires a petitioner whose conviction and sentence have been confirmed or whose appeal has been dismissed by this Court to, before filing in the trial court, obtain an order from the Supreme Court allowing the filing of the

petitioner's motion in the trial court. This was not done. Furthermore, the UPCCRA requires:

> (2) A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the supreme court of Mississippi . . . .

Miss. Code Ann. § 99-39-5(2) (1994). Hamilton's motion is time barred since he filed it on December 14, 1995**,** well after three years from January 17, 1990, the date upon which this Court affirmed his direct appeal.

¶4. **LOWER COURT'S DENIAL OF POST CONVICTION RELIEF IS AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**